983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re John ANDERSON, et al., Debtors.
CYFRED, LTD., Appellant,
v.
E.C. DEVELOPMENT COMPANY, Party in Interest, Appellee.
 No. 91-15205.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1992.*
Decided Dec. 31, 1992.
 
 Before WISDOM**, BEEZER and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 E.C. Development Co. argues that this Court is without jurisdiction to hear this appeal because Cyfred's motion for reconsideration was not timely served and therefore did not toll the time for filing a notice of appeal. The district court's decision denying the motion to reopen the bankruptcy estate was entered on August 28, 1990. A motion for reconsideration must be served no more than ten days after the entry of judgment. Fed.R.Civ.P. 59(e). E.C. Development states that it was served with the motion for reconsideration on September 10, 1990. Excluding the intervening Saturdays, Sundays, and legal holidays (Labor Day), the motion was served eight days after entry of the court's decision. See, Fed.R.Civ.P. 6(a). The motion for reconsideration was timely served and tolled the time for filing an appeal. As Cyfred timely noticed this appeal after the district court denied the motion for reconsideration, this Court has jurisdiction.
 
 
 3
 On the merits, Cyfred argues that the district court abused its discretion by refusing to reopen the bankruptcy estate in order to administer an unlisted asset. Cyfred's argument is that Mr. Anderson had equitable title in part of Lot 98 after he tendered performance.
 
 
 4
 In In re Alexander, 670 F.2d 885 (9th Cir.1982), this Court held that a tender of performance is insufficient to convert an executory contract into an executed contract for purposes of the Bankruptcy Code. Id. at 887-88. The Court also stated that there is no need to look to state law for the meaning of "executory contract". Until a closing has occurred, a contract for the sale or purchase of real estate remains an executory contract for Bankruptcy purposes. Mr. Anderson did not have equitable title in Lot 98; the option contract remained an executory contract.
 
 
 5
 An executory contract is deemed to have been waived by the trustee unless affirmed within 60 days after the order for relief. 11 U.S.C. § 365(d)(1). This is true even if the trustee was not aware of the contract because it had not been listed by the debtor. In re Lovitt, 757 F.2d 1035, 1041-42 (9th Cir.), cert. denied, 474 U.S. 849 (1985).
 
 
 6
 The district court did not abuse its discretion since there has not been a sufficient showing of an existing asset to justify reopening the estate.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable John Minor Wisdom, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3